Argued April 28, reversed with direction July 9, 1970

# BRENNAN, *Appellant, v.* SCHMIDT BROS. FARMS, *Respondent.*

471 P2d 819

*Gordon H. Price,* Molalla, argued the cause and filed the briefs for appellant.

*Robert D. Herndon*, Gladstone, argued the cause for respondent. With him on the brief were Phil H. Ringle, Jr., Gladstone, and Kendall E. M. Nash, Oregon City.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The claimant was injured while working as an employe in a feed pellet mill located on and operated as a part of respondent Schmidt Bros. Farms' operation. The claim was rejected by the Workmen's Compensation Board because claimant was engaged in nonhazardous occupation as defined in ORS 656.090 (2). The circuit court affirmed. Claimant appeals.

As we view this case the problem is one of statutory construction. By way of background, formerly the Workmen's Compensation Act exempted farming from its coverage. (ORS 656.090, now repealed.) The new Workmen's Compensation Act, adopted as Oregon Laws 1965, ch 285, completely changed the coverage of workers engaged in farming. ORS 656.027 (5) now sets this forth. The claimant here was injured on February 7, 1967, and under the new Act was a covered employe.

Thus it is necessary first to examine other sections of Oregon Laws 1965, ch 285, to determine whether his rights on that date were governed by the former provision, ORS 656.090, or by ORS 656.027.

The following provisions of Oregon Laws 1965, ch 285, must be considered:

"Section 9 (now ORS 656.027). (This defines what employes are covered under the new Act. In effect it replaces ORS 656.084 and ORS 656.090 of the old Act.)

Section 9b. Notwithstanding Sections 9 and 9a of this 1965 Act, all workmen employed by employers engaged in the occupation classified as nonhazardous under ORS 656.090 are not subject workmen. This section has no force or effect after January 1, 1968.

"* * * * *

"Section 95a. ORS 656.084 and 656.090 are repealed.

"* * * * *

"Section 97. * * * However, section 95a of this Act shall not become operative until January 1, 1967 * * *." (Emphasis supplied.)

From the foregoing it is clear that ORS 656.090 was repealed effective January 1, 1967. The question remains whether by section 9b the legislature intended to and did breathe into it life sufficient to keep that section in force until January 1, 1968, despite its unqualified repeal effective January 1, 1967.

The Supreme Court in *Gilbertson v. Culinary Alliance*, 204 Or 326, 282 P2d 632 (1955), set forth the following rule of statutory construction:

"There is a rule that in case of irreconcilable conflict between various provisions the last provision in order of position or arrangement in the statute should prevail. * * *" 204 Or at 337.

The court then pointed out that where, however, provisions can, under settled rules of statutory construction, be reconciled, it is the duty of the court to do so. We think that section 9b can arguably be construed simply as a legislative direction that workmen engaged in occupations exempt from coverage under the definition of nonhazardous contained in ORS 656.090 must be brought under the 1965 Act not later than January 1, 1968, unless otherwise excluded therein. It does not constitute a mandatory directive that such

workmen cannot be brought under the Act until January 1, 1968. Under such construction, effect can be given to both sections 9b and 95a of ch 285.

Under either approach, however, section 97 governs, and the repeal of ORS 656.090 was effective on January 1, 1967. No other construction can be read into it. Equally important, so far as this claimant is concerned, section 9, now ORS 656.027, automatically became law on January 1, 1967. Under it the claimant was covered on his injury date, February 7, 1967.

We are further led to this conclusion by Oregon Laws 1967, ch 114. This statute was enacted because the legislature recognized the apparent conflict between sections 9b and 97 of Oregon Laws 1965, ch 285. This Act became law on April 6, 1967, with the aid of an emergency clause. Its purpose was to continue to January 1, 1968, the nonhazardous exclusion and definitions contained in the former ORS 656.090.

From its legislative history we note that the sponsor of the bill explained its purpose to the Senate Committee on Labor and Industries as follows:

(Excerpt from minutes of public hearing on House Bill 1277 (now Oregon Laws 1967, ch 114), March 6, 1967:)

"*REP. JOE ROGERS*: House Bill 1277 is an outgrowth, of course, of HB 1001 [now Oregon Laws 1965, ch 285], which was passed last session. When 1001 was passed, there were three different timetables set for people coming under the Act, as you well know. Some came under January 1st, 1966, the smaller employers came under the Act January 1st, 1967, and the group not [sic] [now] commonly known as farmers come under it January 1st, 1968, which of course is in the future, although the benefit schedule went into effect, as you well remember, July 1, 1966.

"So there was this timetable set up in the Act. Now what has happened, on January 1st, 1967, when the small employers came under the Act, the hazardous occupation definition also was repealed at that time. This is the definition that the farm people have been categorized in ever since workmen's compensation has been in effect. Many of us in the agricultural area realized that this was a false definition, because our industry has become probably as hazardous as any other industry, and yet we were working under this provision.

"This act simply says that the farmer will not become a subject workman because of this non-hazardous elimination until January 1st, 1968, when he becomes subject under the Act. Now the Workmen's Compensation Advisory Committee, or the Committee on Advisory Workmen's Compensation recognized this problem and it was the first order of business in their report that they recommended that it be brought to the attention of the legislature although they made no real recommendation that it be incorporated as one of their bills. * * *"

Section 2 of the 1967 Act amended section 9b of the 1965 Act to read:

"Notwithstanding section 9a of this 1965 Act *and ORS 656.027*, all workmen employed by employers engaged in the occupation classified as nonhazardous under ORS 656.090, *or described in section 1 of this 1967 Act*, are not subject workmen. This section has no force or effect after January 1, 1968." (Italicized portion represents new language.) Oregon Laws 1967, ch 114, p 138.

Section 3 of the Act made it clear that the legislature was not implying

"* * * that workmen employed by employers engaged in the occupation identified by ORS 656.090 (1965 Replacement Part) were subject workmen under ORS 656.001 to 656.794 before the

effective date of this Act." Oregon Laws 1967, ch 114, p 138.

No attempt, however, was made by the Act to cut off any rights which might have vested in a workman under ORS 656.027 prior to April 6, 1967.

Since nonhazardous employment was no longer, on the date of claimant's injury, defined to exclude farming of the type in which both claimant and his employer were clearly engaged, but, on the contrary, section 9(5) of Oregon Laws 1965, ch 285, now ORS 656.027(5), expressly included such activity as covered employment, it follows that the claimant was a covered employe on February 7, 1967, and thus should receive such compensation as the board may find him entitled to receive under the Act. To decide otherwise would be to hold in effect that by the enactment of Oregon Laws 1967, ch 114, the legislature accomplished nothing because section 9b of the 1965 Act had already achieved what ch 114 in fact accomplished. For the reasons stated we decline to do so.

The judgment is reversed and remanded for entry of an order consistent with this opinion.